# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **K&F RESTAURANT HOLDINGS, LTD. d/b/a IZZO'S ILLEGAL BURRITO; K&F RESTAURANT OPERATIONS, LLC; G&O PIZZA HOLDINGS, LTD d/b/a LIT PIZZA; G&O RESTAURANT OPERATIONS, LLC; LIT PIZZA; OSVALDO FERNANDEZ; A. GARY KOVACS** | |
|      **Plaintiffs,** | **CIVIL ACTION NO.:** |
| **v.** | |
| **DONALD J. ROUSE, JR.; DONALD J. ROUSE, SR.; THOMAS B. ROUSE; ALLISON ROUSE ROYSTER; ROUSE'S ENTERPRISES, L.L.C.; EVT BATON ROUGE, LLC; EQUITY ONE (LOUISIANA PORTFOLIO) LLC; NARF MANAGEMENT, LLC; and BEL COMMERCIAL, LLC** | **DIVISION:** |
|      **Defendants.** | |

## NOTICE OF REMOVAL

With full reservation of rights, defenses, and objections, Defendants Donald J. Rouse, Jr.,

Donald J. Rouse, Sr., Thomas B. Rouse, Allison Rouse Royster, and Rouse's Enterprises, LLC

(collectively, " Rouse's Defendants"), hereby remove to this Court Case No. 669197, filed by

Plaintiffs K&F Restaurant Holdings, Ltd. d/b/a Izzo's Illegal Burrito, K&F Restaurant Holdings,

Ltd. d/b/a Lit Pizza, G&O Pizza Holdings, Ltd., Osvaldo Fernandez, and Gary Kovacs

(collectively, "Plaintiffs") in the Nineteenth Judicial District Court for the Parish of East Baton

Rouge, State of Louisiana.  Rouse's Defendants set forth below the grounds for this removal.

1.

This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441, 1446, and 1331. Rouse's Defendants reserve their right to assert 28 U.S.C. § 1332(a) as a further basis of removal if discovery reveals it to be appropriate.

2.

On May 9, 2018, Plaintiffs commenced an action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *K&F Restaurant Holdings, Ltd. d/b/a Izzo's Illegal Burrito; K&F Restaurant Holdings, Ltd. d/b/a Lit Pizza; G&O Pizza Holdings, LLC; Osvaldo Fernandez; and Gary Kovacs v. Rouse's Enterprises, L.L.C.; Donald J. Rouse, Jr.; Donald J. Rouse, Sr.; Thomas B. Rouse; Allison Rouse Royster; Equity One (Louisiana Portfolio) LLC, EVT Baton Rouge Louisiana, LLC, Bel Commercial, Limited Liability Company, and NARF Management, L.L.C.*, Civil Action No. 669197. A true and correct copy of the petition may be found in Exhibit "A."

3.

Plaintiffs have not effected service upon Rouse's Defendants or any other defendants in the above-captioned matter. Nevertheless, the contents of the state-court record made available online as of the date of removal, excluding the petition, are attached.

4.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed by Rouse's Defendants to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action of which the district courts of the United States have original jurisdiction.

5.

Plaintiffs have alleged claims arising under both federal and Louisiana state law.

6.

Plaintiffs allege a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, *et seq.*  In an attempt to avoid removal, Plaintiffs undertook to disguise that fact by alleging that Rouse's Defendants engaged in racketeering activity when they converted Plaintiffs' trademark in violation of "La. Rev. Stat. 51:121."[1]  But the quoted provision is, in fact, 18 U.S.C. § 1832, which is "racketeering activity" under 18 U.S.C. § 1961(1).  Plaintiffs further allege that Rouse's Defendants engaged in mail fraud and wire fraud, which also constitutes "racketeering activity" under 18 U.S.C. § 1961(1).[2]

7.

Plaintiffs also allege claims under Louisiana state law that arise from the same set of operative facts as the RICO claim.  This Court therefore has supplemental jurisdiction over the Louisiana state law claims pursuant to 28 U.S.C. § 1367.

8.

Additionally, Rouse's Defendants reserve their rights to conduct discovery regarding Plaintiffs' citizenship in order to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) if they discover grounds sufficient to do so.  Although Plaintiffs have not demanded a specific sum,[3] under 28 U.S.C. § 1446(c)(2)(A), Rouse's Defendants aver that the amount at stake exceeds the § 1332(a) jurisdictional threshold amount of $75,000.

---

[1] *See* Petition, at ¶¶ 51, 134.
[2] *See id.* at ¶¶ 67, 119.
[3] Plaintiffs are prohibited from pleading a "specific monetary amount."  *See* LA. CODE CIV. PROC. art. 893(A)(1).

9.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Louisiana is the federal district court for the district and division embracing the place where the state court action is pending.

10.

Plaintiffs have not effected service on any of the Defendants in this matter; no persons other than Rouse's Defendants need consent to or join in this removal.

**WHEREFORE**, Rouse's Defendants respectfully remove the above-captioned case from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Court.

Respectfully Submitted,

By: _____*/s/Brent B. Barriere*_____
Brent B. Barriere, 2818
Molly L. Wells, 36721
 FISHMAN HAYGOOD
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone:  (504) 586-5252
Facsimile:  (504) 586-5250
*Attorneys for Defendants*

4

1330374v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June, 2018, the foregoing Notice of Removal was served on all counsel of record via United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

_____*/s/Brent B. Barriere*_____

1330374v.1