UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| K&F RESTAURANT HOLDINGS, LTD. <br> d/b/a IZZO'S ILLEGAL BURRITO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-627-JWD-RLB |
| DONALD J. ROUSE, JR., ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 24, 2019.

_____

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

K&F RESTAURANT HOLDINGS, LTD.                    CIVIL ACTION
d/b/a IZZO'S ILLEGAL BURRITO, ET AL.

VERSUS                                           NO. 18-627-JWD-RLB

DONALD J. ROUSE, JR., ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 5) filed on July 6, 2018.  The

motion is opposed by the defendants ("Rouse's"). (R. Doc. 12). Oral Argument was held on

January 22, 2019. (R. Doc. 24).[1]

I.      Background

Plaintiffs ("Izzo's") initiated this action with the filing of their "Petition for Preliminary

Injunction and for Damages Under the Louisiana Antitrust Statutes, the Louisiana Unfair Trade

Practices and Civil Conspiracy" ("Petition") in state court on May 14, 2018. (R. Doc. 1-2 at 1-

31). Izzo's alleges that, after it declined a proposal from Rouse's to franchise within the grocery

store, Rouse's engaged in a pattern of conduct that essentially excluded Izzo's from the market in

violation of fair trade practices. (R. Doc. 1-2 at 4). Izzo's alleges that Rouse's has included

clauses in its leases with developers that would preclude Izzo's from establishing locations in the

same developments, as well as that Rouse's has used a stolen recipe book from Izzo's and set up

a burrito bar in its stores that is "similar, if not identical, to Izzo's." (R. Doc. 1-2 at 5).

---

[1] The Court notes that Plaintiff's counsel at oral argument was recently enrolled in this matter.  Plaintiff's counsel at the time the petition was filed, Robert Evans, III, has been suspended from the practice of law before this Court. *See* 18-mc-00154-UNA, R. Doc. 2.

## II.    Arguments of the Parties

Rouse's alleges, in the Notice of Removal, that federal jurisdiction is proper on the basis of federal question pursuant to 28 U.S.C. § 1331. (R. Doc. 1 at 2). In support of this position, Rouse's suggests that Plaintiffs have disguised their allegations as arising under state law when the claims are actually pursuant to 18 U.S.C. § 1962, *et seq.* (R. Doc. 1 at 3). The portion of the Plaintiffs' petition that Defendants posit establishes a federal question is a quote from 18 U.S.C. § 1832, which is incorrectly cited as La. R.S. 51:121. (R. Doc. 1 at 3).

Plaintiffs argue, in their Motion to Remand, that they have brought only state law claims and that Defendants' "own assumptions" regarding the existence of federal claims is without merit. (R. Doc. 5-1 at 4-5). Defendants respond that Plaintiffs "deliberately conceal the federal question in their petition." (R. Doc. 12 at 1). Defendants stress the Plaintiffs' citation of an excerpt of 18 U.S.C. § 1832 as La. R.S. 51:121, and Plaintiffs' use of the phrase "racketeering activity" as indicative of claims brought under federal law. (R. Doc. 12 at 4-5).

Defendants alternatively suggest, in their Notice of Removal, a reservation of their "rights to conduct discovery regarding Plaintiffs' citizenship in order to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) if they discovery grounds sufficient to do so." (R. Doc. 1 at 3). Plaintiffs respond that Osvaldo Fernandez and the Plaintiff companies are all citizens of Louisiana. (R. Doc. 5-1 at 5).

## III.    Law and Analysis

### A.    Legal Standards

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331.  A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The party seeking removal bears the burden of demonstrating that a federal question exists.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).  Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).  That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

3

**B.      Analysis**

**1.      Federal Question Jurisdiction**

Defendants, as the removing party with the burden of persuasion, argue that Plaintiffs

have plead a federal cause of action under the Trade Secrets Act, 18 U.S.C. § 1832, but disguise

the claim as arising under state law. (R. Doc. 12 at 1). Defendants also argue that the use of

certain language, including Plaintiffs' assertion of "racketeering activity," is an allegation of a

violation under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

1962, *et seq.* (R. Doc. 12 at 1). Plaintiffs do not deny that statutory language quoted in their

Petition comes from federal law, but argue in the briefing that "Plaintiffs' Petition only seeks

relief under Louisiana State law." (R. Doc. 5-1 at 3).

Count V of Plaintiff's Petition states the following:

> 133.    Plaintiffs reallege and re-aver all allegations, statements of fact and causes
> of action set forth in Paragraphs 1 through 132. As stated, Izzo's burrito recipes are
> closely-guarded trade secrets. Rouse Jr. has caused Rouses to continue to possess
> and use these trade secrets since 2011. This illegal activity is ongoing and will not
> halt without judicial intervention. See Affidavit of Patrick Dartez and Matthew
> Mahl.

> 134. This violates La. Rev. State. 51:121, which state [sic], in pertinent part:

>> (a) Whoever, without intent to convert a trade secret, that is related to a
>> product or service used in or intended for use in interstate or foreign commerce, to
>> the economic benefit of anyone other than the owner thereof, and intending or
>> knowing that the offense will injure any owner of that trade secret, knowingly-…
>> (3) receives, buys, or possesses such information, knowing the same to have
>> been stolen or appropriated, obtained, or converted without authorization…. Or
>> (5) conspires with one or more other persons to commit any offense
>> described in paragraphs (1) through (3), and one or more of such persons do any
>> act to effect the object of the conspiracy,

>> This conduct is a form of "racketeering activity," and also a violation of
>> Title 51 of the La. Rev. Stat.

> (R. Doc. 1-2 at 24-25).

4

The quandary is that the language quoted by Plaintiff in Paragraph 134 comes from 18 U.S.C. § 1832, the federal criminal statute regarding theft of trade secrets, not from La. R.S. 51:121. In addition, the Court notes that Paragraph 51 of Plaintiffs' Petition contains the same quoted language, followed by the text of La. R.S. 51:1427, not La. R.S. 51:121. (R. Doc. 1-2 at 7). At oral argument, Plaintiffs could not explain how the erroneous citations occurred if they were in error, but represented to the Court that it was not Plaintiffs' intent to bring federal claims, despite specifically citing to federal law.

Federal jurisdiction cannot, however, be supported by a party's intent, particularly where that intent is in direct conflict with the substance of the pleadings filed by that party. The substance of Plaintiffs' Petition cites to federal law on theft of trade secrets, and the Court notes that 18 U.S.C. § 1836 provides a civil remedy for misappropriation of a trade secret. In addition, Plaintiffs refer to "racketeering activity," arguably drawing reference to a RICO claim, and make several references to "federal and state law" and "interstate" commerce. (R. Doc. 1-2 at ¶¶ 86, 107, 109). As it stands, Plaintiffs have brought claims under federal law at Count V of their Petition such that the exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is proper.

As federal subject matter jurisdiction over Count V of Plaintiffs' Petition is appropriate, the Court also finds that the exercise of supplemental jurisdiction over the remaining claims is proper pursuant to 28 U.S.C. § 1367. All of the claims brought by Plaintiff arise out of the same set of factual allegations – the alleged use and theft of Plaintiffs' trade secret by Defendants, and Defendants' alleged unfair practice of negotiating exclusion of Plaintiffs from certain business opportunities. Therefore, the Court has subject matter jurisdiction over the entirety of Plaintiffs' claims in this litigation.

5

**2.      Ancillary Matters**

The district court, by way of an Order (R. Doc. 17) dated August 8, 2018, granted Plaintiffs' Motion to Stay (R. Doc. 13), staying all proceedings other than Plaintiffs' Motion to Remand pending resolution of same. Accordingly, in light of the Court's recommendation herein that Plaintiffs' Motion to Remand (R. Doc. 5) be denied, the Court also recommends that the stay be lifted upon any order adopting this instant Report and Recommendation, and a briefing schedule entered as to the Motion to Dismiss (R. Doc. 6) filed by Defendants on July 12, 2018.

## IV.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the stay entered on August 8, 2018 (R. Doc. 17) be lifted, and a briefing schedule entered as to Defendants' Motion to Dismiss (R. Doc. 6) filed on July 12, 2018.

Signed in Baton Rouge, Louisiana, on January 24, 2019.

 

 

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6