# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| K&F RESTAURANT HOLDINGS, LTD., d/b/a IZZO'S ILLEGAL BURRITO, ET AL | CIVIL ACTION |
| VERSUS | NO. 18-627-JWD-RLB |
| DONALD J. ROUSE, JR., ET AL | |

## RULING AND ORDER

Before the Court are two matters. The first is the objection by plaintiffs K&F Restaurant Holding, Ltd, K&F Restaurant Operations, LLC, G&O Pizza Holdings, Ltd. d/b/a Lit Pizza, G&O Restaurant Operations, LLC, LIT Pizza, Osvaldo Fernandez and A. Gary Kovacs ("Plaintiffs") (Doc. 29) to a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 25), recommending denial of Plaintiffs' Motion to Remand. (Doc. 5). The second matter is Plaintiffs' Motion for Partial Voluntary Dismissal of Claims with prejudice.[1] (Doc. 37.) Defendants Donald J. Rouse, Jr., Donald J. Rouse, Sr., Thomas B. Rouse, Allison Rouse Royster, Rouse's Enterprises, L.L.C. and NARF Management, LLC ("Defendants") oppose both the Objection and the Motion for Partial Dismissal. (Doc. 39.) Plaintiffs have filed a reply. (Doc. 40.)

For the reasons which follow, Plaintiffs' objection is overruled and their motion to dismiss their federal claims with prejudice is granted. Because this leaves only state law claims before the Court, the Court chooses to decline to exercise supplemental jurisdiction over the state

---

[1] A similar motion to dismiss these claims without prejudice (Doc. 34) was, with the Court's permission, withdrawn and Plaintiffs given permission to substitute the present motion. (Doc. 36.)

1

law claims pursuant to 28 U.S.C. § 1367(c)(3) and therefore dismisses the case without prejudice.

## BACKGROUND

Plaintiffs filed suit in state court on May 14, 2018. (Doc. 1-2 at 1-31.) Defendants removed the case to this Court on June 14, 2018. (Doc. 1.) Plaintiffs filed their Motion to Remand on July 6, 2018 (Doc. 5), which was opposed by Defendants. (Doc. 12.) After hearing oral argument on January 22, 2019 (Doc. 24), the Magistrate Judge issued his R&R on January 24, 2019, recommending that the motion be denied. (Doc. 25.) A more complete statement of the underlying dispute, allegations and procedural background are set out in the R&R and will not be repeated here.

## OBJECTION TO REPORT AND RECOMMENDATION

In the R&R, the Court found that, despite Plaintiffs' protestations to the contrary, Plaintiffs had plead claims arising under federal statutes including the Trade Secrets Act, 18 U.S.C. § 1832 and the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, *et seq*. (Doc. 25 at 5.) Nothing in Plaintiffs' Objection persuades this Court otherwise and indeed, a careful review of the pleadings convinces the Court that the Magistrate Judge's R&R was entirely correct.

Defendants nonetheless ask this Court to grant their motion to dismiss these federal claims with prejudice and then, lacking federal question jurisdiction, can and should overrule the Magistrate Judge's R&R and remand the case to state court. But Defendants correctly contend that "a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its *properly triggered* subject matter jurisdiction." (Doc. 39 at 4, quoting *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592

2

(5th Cir 2015) (quoting *Hook v. Morrison Milling Co.*, 38 F.3d 776, 779-80 (5th Cir. 1994) (emphases in original quote). Whether subject matter jurisdiction exists "is resolved by looking *at the complaint at the time the petition for removal is filed*." (Doc. 39 at 4), (citing *Spear Mktg.*, at 592, quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir 1990), (emphasis in original quote)).

Thus, although the Court chooses to grant Plaintiffs' motion to dismiss his federal claims, this does not automatically deprive the Court of jurisdiction nor does it mandate remand. The Court finds the R&R correctly decided and the Plaintiffs' objection is overruled.

## MOTION TO DISMISS FEDERAL CLAIMS

Defendants argue that, despite the fact that the case is less than a year old, little if any discovery has been done and no trial date has been set, the Court should nonetheless exercise its discretion to retain supplemental jurisdiction of the state claims primarily because "[p]laintiffs' claims are well-known to the Court, they are ripe for disposition in the Motion to Dismiss filed by the Rouse's Defendants in July [and] there are no exceptional circumstances present for declining jurisdiction." (Doc 39 at 7.) But Plaintiffs argue that this case involves different facts and some different parties from those of the other case handled by this Court involving K&F to which Defendants refer.[2] (Doc. 40 at 3)

The Court agrees with Plaintiffs. "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir 2011). Plaintiffs cite this Court's opinion in *Savoy v. Pointe Coupee Parish Police Jury*, Civ. Action No. 15-128, 2015 WL 3773418 (M.D. La. June 16, 2015) where, under similar circumstances, the court refused to keep the case with only state law claims remaining

---

[2] K&F Restaurant Holdings, Ltd., et al v. Donald J. Rouse, Jr. et al., No. 16-293 (M.D. La), pointing to parties present in this case who were not parties in the cited case.

3

once the federal claims were dismissed. Like in *Savoy*, this Court has devoted "hardly any federal resources, let alone a significant amount of resources" to the state law claims. *Savoy*, 2015 WL 3773418 at 3, quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Nor have the parties. Defendants have failed to demonstrate how they would be prejudiced if the case is refiled in state court. There are no suggestions that any of the parties, witnesses or evidence would not be subject to the jurisdiction of the state court.

Accordingly, as Plaintiffs' federal law claims have been dismissed, the Court exercises its discretion and declines supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Plaintiffs' objection the R&R of the Magistrate Judge (Doc. 29) is overruled and Plaintiffs' Motion for Partial Voluntary Dismissal of Claims (Doc. 37) is granted. The remaining claims of Plaintiffs are dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on February 26, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**